TACHA, Chief Circuit Judge,
dissenting.
I respectfully dissent. Considering, as we must, the totality of the circumstances surrounding the search, I would hold that the officers had an objectively reasonable, articulable suspicion that the defendant was armed and dangerous.
Defendant does not challenge as unlawful the initial stop of the vehicle in which he was a passenger. Nor can he challenge the legality of his being ordered from the car during a search pursuant to that stop. Maryland v. Wilson, 519 U.S. 408, 415, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997); Pennsylvania v. Mimms, 434 U.S. 106, 111, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). His only colorable assertion is that the officers who ultimately seized and searched him lacked the necessary reasonable and articulable suspicion that he was armed and dangerous. E.g., United States v. Davis, 94 F.3d 1465, 1468 (10th Cir.1996) (“In the course of a valid investigative detention, an officer may conduct a limited protective search (‘frisk’) if the officer harbors an articulable and reasonable suspicion that the person is armed and dangerous.”).
In arguing that the officers lacked any basis upon which to harbor the necessary level of suspicion, defendant makes much *805 of his voluntary surrender of a small pocket knife. I am at a loss to perceive what relinquishing a Swiss-Army knife, while retaining a handgun, demonstrates under the relevant analysis. I am equally at a loss, however, to discern the government’s point in touting the surrendered pocketknife as evidence that the defendant was “armed and dangerous” when they later searched him. Our task is to determine, divorced from questionable characterizations of the facts, whether the officers acted reasonably under the totality of the circumstances. In doing so, we must give “due weight ... not to [any] inchoate and unparticularized suspicion or ‘hunch,’ but to the specific and reasonable inferences which [they were] entitled to draw from the facts of [their] experience.” Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
The majority quotes—but, I think, gives insufficient weight to—Officer Mudrock’s testimony that, in his experience and as a result of his training, he feared for his safety when, under the tense circumstances in which the officers finally convinced the defendant to exit the vehicle, the defendant’s hands disappeared in the region of his waistband. I give some credence here to the proposition that, in the experience of these officers, individuals traditionally carry weapons in this area of their clothing. See id. I would, therefore, hold that the defendant’s furtive movements upon finally exiting the vehicle and his reaching for the waistband area of his pants while stepping away from the officers combined to provide the necessary reasonable suspicion upon which the officers relied to search that area of his clothing, in which they found the handgun defendant seeks to suppress. To hold otherwise, it seems to me, fails to give the weight Terry instructs us to give to the reasonable inferences the officers were entitled to draw from their experience. Id.